1  PHILLIP A. TALBERT
   Assistant United States Attorney
2  KEVIN C. KHASIGIAN
   Assistant U. S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA  95814
4  Telephone:  (916) 554-2700

5  Attorneys for the United States

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,              2:16-MC-00042-TLN-EFB

12              Plaintiff,                 CONSENT JUDGMENT OF FORFEITURE

13        v.

14  APPROXIMATELY $8,130.00 IN U.S.
    CURRENCY,
15

16              Defendant.

17        Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

18        1.      On September 24, 2015, agents with the United States Postal Inspection Service

19  ("USPIS") seized approximately $8,130.00 in U.S. Currency ("the defendant currency") from Corey

20  Ross Frymoyer ("Frymoyer") during a parcel interdiction at the Processing and Distribution Center

21  located in West Sacramento, California.

22        2.      USPIS commenced administrative forfeiture proceedings, sending direct written notice

23  to all known potential claimants and publishing notice to all others.  On or about November 30, 2015,

24  USPIS received a claim from Frymoyer asserting an ownership interest in the defendant currency.

25        3.      The United States represents that it could show at a forfeiture trial that on September

26  24, 2015, USPIS conducted a parcel interdiction at the Processing and Distribution Center located at

27  3775 Industrial Boulevard, West Sacramento, California.  During the interdiction, law enforcement

28  officials identified a parcel that bore markers consistent with parcels used for shipping contraband.  An

                                        1

investigation traced the return address to Jeremy Leach ("Leach") in Mifflintown, PA 17059.  The package was addressed to a P.O. Box number in Folsom, CA.

4.    The United States represents that it could further show at a forfeiture trial that law enforcement officials presented the package to a drug detection dog, and the dog positively alerted to the presence of the odor of narcotics.  Law enforcement officials contacted Leach, who gave consent to open the parcel.  Leach said the parcel contained $8,000.00.  When the parcel was opened, law enforcement officials located a gym bag.  Inside the gym bag was a yellow plastic bag containing $8,130.00.

5.    The United States represents that it could further show at a forfeiture trial that Leach told law enforcement officials that he had sent the money as payment for a four wheeler he had purchased on Ebay.  Later that day, an individual identifying himself as Austin Corodaway ("Cordaway") contacted law enforcement officials and said that he was expecting the money from Leach as payment for a four wheeler he was selling on Ebay.

6.    The United States represents that it could further show at a forfeiture trial that on November 30, 2015, the USPIS received a claim of ownership from Frymoyer, accompanied by an affidavit from Leach stating under penalty of perjury that the $8,130.00 was not sent by Leach, but by Frymoyer.  Frymoyer stated in his claim that he had sent the money to Corodaway for the purchase of an ATV he had purchased on Craigslist.

7.    The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

8.    Without admitting the truth of the factual assertions contained in this stipulation, claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant currency.  Corey Ross Frymoyer hereby acknowledges that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States, as set forth below.

Consent Judgment of Forfeiture

9.     This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

10.     This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

11.     The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1.     The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2.     Upon entry of this Consent Judgment of Forfeiture, $4,130.00 of the Approximately $8,130.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3.     Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $4,000.00 of the Approximately $8,130.00 in U.S. Currency shall be returned to claimant Corey Ross Frymoyer through his attorney Brian Bo Baker.

4.     The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Claimants waived the provisions of California Civil Code § 1542.

5.     No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6.     All parties will bear their own costs and attorney's fees.

7.     Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court

enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED

Dated: June 20, 2016

Troy L. Nunley
United States District Judge

Consent Judgment of Forfeiture